IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEYTON SHOTWELL,

    Plaintiff,                     CV F 04 5378 REC WMW P

    vs.                          ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

OFFICER STEVENSON, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant Bakersfield Police Officer Stevenson, the Bakersfield Police Department, Kern Medical Center, and other un-named defendants.

Plaintiff's claim in this complaint relates to his underlying arrest. Plaintiff

alleges that defendant Officer Stevenson subjected him to excessive force, and that plaintiff was subsequently denied adequate medical care.

Regarding his excessive force claim, plaintiff specifically alleges that Officer Stevenson, without any provocation, "attacked plaintiff violently, choking, knocking him down, pepper spraying him in eyes and face, striking plaintiff about face, knocking out two teeth and swelling and lacerating face."

Because plaintiff has not alleged that he was a convicted inmate subject to conditions of confinement, his claim of excessive force will be governed by the Fourth Amendment. The amount of force necessary to effect an arrest is measured by a standard of "reasonableness" standard derived from the Fourth Amendment. <u>Graham</u>, 490 U.S. at 392.

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. [Citations omitted.] ... Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," [citation omitted], however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether is actively resisting arrest or attempting to evade arrest by flight.

<u>Id</u>. at 1871-2.

Assuming the facts of the complaint as true, a liberal construction of the complaint states a claim for relief as to defendant Stevenson.

As to the remaining defendants, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff names the Bakersfield Police Department and the City of Bakersfield as defendants, but fails to allege any facts that suggest they actively participated in the conduct at issue. Plaintiff may not hold defendants liable on a theory of respondeat superior. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege facts indicating that defendants actively engaged in the constitutional deprivation. Plaintiff has failed to do so. These defendants must therefore be dismissed.

As to the medical care claim, plaintiff alleges that he was taken to the Kern Medical Center for treatment. Plaintiff alleges that he was given aspirin and that he was denied treatment by the resident nurse. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.[1]

Here, the court finds the allegations to be vague. Plaintiff may not subject any

---

[1] While the deliberate indifference standard is applied under Constitutional provision, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs plaintiff's claim for denial of medical care as a pretrial detainee. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

individual to liability by a conclusory allegation that he was denied medical care.  Plaintiff must allege facts indicating that an individual defendant knew of and disregarded a serious risk to plaintiff's health or safety, resulting in injury to plaintiff.   Plaintiff has not done so.  Plaintiff's deliberate indifference claim should therefore be dismissed.

    The complaint states a claim for relief as to Officer Stevenson.  The complaint fails to state a claim for relief as to the remaining defendants.   Plaintiff will be provided an opportunity to file an amended complaint.  Should plaintiff fail to do so, the court will direct service of process upon defendant Stevenson, and recommend dismissal of the remaining defendants.

    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint.

IT IS SO ORDERED.

**Dated:   July 13, 2005**                              **/s/  William M. Wunderlich**
mmkd34                                                    UNITED STATES MAGISTRATE JUDGE