IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEYTON SHOTWELL,

      Plaintiff,                CV F 04 5378 REC WMW P

   vs.                   ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

OFFICER STEVENSON, et al.,

      Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the July 25, 2005, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections, brings this civil rights action against defendant Bakersfield Police Officer Stevenson, Officer Fergerson  and other un-named defendants.

       Plaintiff's claim in this complaint relates to his underlying arrest.   Plaintiff

1   alleges generally that he was subjected to "brutal and unnecessary force" by Officers Stevenson

2   and Fergerson.

3          Regarding his excessive force claim, plaintiff specifically alleges that Officer

4   Stevenson, without any provocation, "attacked plaintiff violently, choking, knocking him down,

5   pepper spraying him in eyes and face, striking plaintiff about face, knocking out two teeth and

6   swelling and lacerating face."

7          Because plaintiff has not alleged that he was a convicted inmate subject to

8   conditions of confinement,  his claim of excessive force will be governed by the Fourth

9   Amendment.   The amount of force necessary to effect an arrest is measured by a standard of

10  "reasonableness" standard derived from the Fourth Amendment.  Graham, 490 U.S. at 392.

> Determining whether the force used to effect a particular seizure is
> "reasonable" under the Fourth Amendment requires a careful
> balancing of "'the nature and quality of the intrusion on the
> individual's Fourth Amendment interests'" against the
> countervailing governmental interests at stake.  [Citations
> omitted.] ... Because "[t]he test of reasonableness under the Fourth
> Amendment is not capable of precise definition or mechanical
> application," [citation omitted], however, its proper application
> requires careful attention to the facts and circumstances of each
> particular case, including the severity of the crime at issue,
> whether the suspect poses an immediate threat to the safety of the
> officers or others, and whether is actively resisting arrest or
> attempting to evade arrest by flight.

Id. at 1871-2.

          In the July 13, 2005, order granting plaintiff leave to file an amended complaint,

the court advised plaintiff that he alleged facts sufficient to state a claim for relief as to defendant

Stevenson.  Here, plaintiff fails to allege those facts.   Plaintiff was advised that an amended

complaint must be complete, without any reference to a prior pleading.   In the July 25, 2005,

first amended complaint, the court finds the allegations as to defendants Stevenson and

Fergerson to be vague.  A conclusory allegation of brutality is insufficient to state a claim for

relief.  Plaintiff must charge the named defendants with specific conduct indicating that they

1    subjected plaintiff to unreasonable force, as that term is defined above.

2    As to the remaining defendants, the statute plainly requires that there be an actual

3    connection or link between the actions of the defendants and the deprivation alleged to have

4    been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);

5    Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'

6    another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

7    an affirmative act, participates in another's affirmative acts or omits to perform an act which he

8    is legally required to do that causes the deprivation of which the complaint is made." Johnson v.

9    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10   As to the medical care claim, plaintiff alleges that he was taken to the Kern

11   Medical Center for treatment.  Plaintiff alleges that he was given aspirin and that he was denied

12   treatment by the resident nurse.   Under the Eighth Amendment, the government has an

13   obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d

14   1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel

15   and unusual punishment, there must be a 'deliberate indifference to serious medical needs of

16   prisoners.'"  Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong

17   approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate

18   indifference."  First, a court must examine whether the plaintiff's medical needs were serious.

19   See Id.  Second, a court must determine whether "officials intentionally interfered with [the

20   plaintiff's] medical treatment."  Id. at 1132.[1]

21   Here, the court finds the allegations to be vague.  Plaintiff may not subject any

22   individual to liability by a conclusory allegation that he was denied medical care.  Plaintiff must

23

24       [1] While the deliberate indifference standard is applied under Constitutional provision, the Due
     Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs plaintiff's claim

25   for denial of medical care as a pretrial detainee.  See Redman v. County of San Diego, 942 F.2d
     1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through

26   the Due Process Clause of the Fourteenth Amendment).

allege facts indicating that an individual defendant knew of and disregarded a serious risk to plaintiff's health or safety, resulting in injury to plaintiff.   Plaintiff has not done so.  Plaintiff's deliberate indifference claim should therefore be dismissed.

The complaint states a claim for relief as to Officer Stevenson.  The complaint fails to state a claim for relief as to the remaining defendants.   Plaintiff will be provided an opportunity to file an amended complaint.  Should plaintiff fail to do so, the court will direct service of process upon defendant Stevenson, and recommend dismissal of the remaining defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The July 25, 2005, first amended complaint is dismissed.

2.  Plaintiff is  granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    November 2, 2005**          **/s/  William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE