IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEYTON SHOTWELL,

    Plaintiff,                      CV F 04 5378 REC WMW   P

  vs.                                  FINDINGS AND RECOMMENDATION

OFFICER FERGUSON, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se in a federal civil rights action against Bakersfield Police Officers Stevenson and Ferguson. Pending before the court is defendants' motion to dismiss plaintiff's state law claims.

      This action proceeds on the November 9, 2005, second amended complaint. Plaintiff, currently in the custody of the California Department of Corrections, brings this action against defendants for conduct that occurred prior to plaintiff's incarceration. Plaintiff claims that he was subjected to excessive force in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff's specific allegations are that he was subjected to excessive force by defendants on December 11, 2003. Plaintiff, riding a bicycle, was stopped by Officers Stevenson and Ferguson. Plaintiff alleges that Officer Ferguson held him down while Officer Stevenson beat him. Plaintiff alleges that he offered no resistance.

      Defendants move to dismiss this action on the ground that plaintiff failed to comply with

provisions of the California Tort Claims Act that require a claim to be presented to the State Board of Control before a tort claim can be filed.   The California Tort Claims Act requires that tort claims against a public entity or its employees be presented to the State Board of Control no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 945.4,950-950.6.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal. 4th 1234, 1245, (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

        Defendants correctly argue that plaintiff has failed to plead compliance with the California Tort Claims Act.  There are no allegations in the second amended complaint that indicate compliance with the Tort Claims Act.   Plaintiff does, however, address his efforts to comply in his response to the motion.   Specifically, plaintiff states that he placed his claim in the mail from the Lerdo Correctional Facility on December 24, 2003.  Because the second amended complaint does not include this allegation, the court will grant plaintiff leave to file a third amended complaint that includes allegations of his efforts to comply with the California Tort Claims Act.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will therefore recommend that defendants' motion to dismiss plaintiff's second amended complaint be granted with leave to amend regarding any state law claims.   The court notes, however, that the original complaint was filed pursuant to 42 U.S.C. § 1983.   There is no

1  record of an answer or any other response to the complaint that addresses plaintiff's federal
2  claims.
3      Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be
4  granted with leave to amend as to plaintiff's state law claims.
5          These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
7  thirty days after being served with these findings and recommendations, any party may file
8  written objections with the court and serve a copy on all parties.  Such a document should be
9  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
10  objections shall be served and filed within ten days after service of the objections.   Failure to
11  file objections within the specified time may waive the right to appeal the District Court's order.
12  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19  IT IS SO ORDERED.
20  **Dated:   May 26, 2006**              **/s/  William M. Wunderlich**
    mmkd34                    UNITED STATES MAGISTRATE JUDGE

3