IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYTON SHOTWELL,<br><br>              Plaintiff,<br><br>     vs.<br><br>STEVENSON, et al.,<br><br>              Defendant. | No. CV-F-04-5378 OWW/WMW<br><br>ORDER ADOPTING RECOMMENDATION (Doc. 38), DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN 20 DAYS, DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 43), AND VACATING ORAL ARGUMENT SET FOR SEPTEMBER 11, 2006 |

  On May 30, 2006, the United States Magistrate Judge filed a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) that defendants' motion to dismiss plaintiff's Second Amended Complaint be granted with leave to amend as to any state law claims because of plaintiff's failure to allege compliance with the requirements of the California Tort Claims Act.  No objections to the recommendation have been filed.

  On July 31, 2006, defendants filed a motion to dismiss the

1

Second Amended Complaint with prejudice because of plaintiff's failure to amend as required by the recommendation. Defendants also move for an award of attorneys' fees in the amount of $900.00. The motion is noticed for hearing on September 11, 2006. In moving for dismissal, defendants assert that "[a]s neither party objected to Magistrate Wunderlich's findings and recommendation [they] became the order of this court."

Defendants cite no authority and none has been found that a recommendation by a Magistrate Judge to the district court automatically becomes the order of the district court if no objections to that recommendation are filed. Given the absence of such authority, plaintiff cannot have anticipated that a contention he should have filed an amended complaint in the absence of an explicit order from the district court requiring him to do so. 28 U.S.C. § 636(b)(1) provides in pertinent part that the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a particular magistrate judge." There is authority that the district court is not required to conduct any review of a recommendation in the absence of an objection. *See Schmidt v. Johnstone*, 263 F.Supp.2d 1219 (D.Ariz.2003). However, the district court retains the discretion to review the recommendation even if no objection is filed and even in *Schmidt* the district court issued an order

2

adopting the recommendation. Defendants' position would preclude the exercise of the district court's discretion. Furthermore, in the event that the Magistrate Judge recommended final resolution of an action, an appeal from that recommendation would be premature in the absence of a final order by the district court and direction to enter judgment. *See Serine v. Peterson*, 989 F.2d 471 (9th Cir.1993).

Therefore, defendants' motion to dismiss is premature and without merit.[1]

The recommendation to dismiss the Second Amended Complaint with leave to amend to allege compliance with the California Tort Claims Act correctly states the law and the position of the parties. Therefore, in the absence of any objection, the recommendation is adopted.

ACCORDINGLY, as set forth above:

1. The Second Amended Complaint is dismissed with leave to amend. Plaintiff shall file a Third Amended Complaint within 20 days of the filing date of this Order.

2. Defendants' motion to dismiss Second Amended Complaint with prejudice for failure to comply with court order and for an award of monetary sanctions is denied.

3. Oral argument set for September 11, 2006 is vacated.

---

[1] In addition, the Second Amended Complaint alleges a claim under 42 U.S.C. § 1983. Because plaintiff is not complaining of the conditions of his prison confinement, plaintiff can proceed with this claim in the absence of compliance with the California Tort Claims Act. *See Patsy v. Board of Regents*, 457 U.S. 496 (1982).

3

1  IT IS SO ORDERED.

2  **Dated:    August 17, 2006**              **/s/ Oliver W. Wanger**
   emm0d6                                  UNITED STATES DISTRICT JUDGE

4