IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYTON SHOTWELL, ) | No. CV-F-04-5378 OWW/WMW |
| ) | |
| ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION TO DISMISS STATE LAW |
| Plaintiff, ) | CLAIMS FOR LACK OF |
| ) | PROSECUTION (Doc. 45) AND |
| vs. ) | GRANTING DEFENDANTS' MOTION |
| ) | TO COMPEL, TO DEEM REQUESTS |
| ) | FOR ADMISSION ADMITTED, AND |
| OFFICER  STEVENSON, et al., ) | FOR MONETARY SANCTIONS (Doc. |
| ) | 46) |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

     Plaintiff's Second Amended Complaint alleges that Plaintiff

was subjected to excessive force by Bakersfield Police Officers

Stevenson and Ferguson on December 11, 2003 in violation of the

Fourth Amendment.  On May 30, 2006, the United States Magistrate

Judge recommended that Plaintiff's Second Amended Complaint be

dismissed with leave to amend to allege compliance with the

California Government Tort Claims Act to the extent that the

Second Amended Complaint alleges state law claims.  By Order

filed on August 21, 2006, the recommendation was adopted and

1

1  Plaintiff's Second Amended Complaint was dismissed with leave to
2  amend.  Plaintiff was ordered to file a Third Amended Complaint
3  within 20 days of the filing date of the Order.

4      By motion filed on October 10, 2006, defendants move to
5  dismiss this action for lack of prosecution pursuant to Rule
6  41(b), Federal Rules of Civil Procedure, based on Plaintiff's
7  failure to file a Third Amended Complaint as ordered.
8  Alternatively, defendants move to dismiss the state law claims
9  alleged in the Second Amended Complaint because of Plaintiff's
10  failure to comply with the August 21, 2006 Order.

11      On November 7, 2006, defendants filed a motion to compel
12  Plaintiff's responses to special interrogatories and a request
13  for production of documents, to deem admitted requests for
14  admission, and to impose a monetary sanction in the amount of
15  $600 on Plaintiff for his failure to timely comply with these
16  discovery requests.

17      Plaintiff, who is proceeding *in pro per*, did not file a
18  written opposition to either motion and did not appear at the
19  hearing of the motions.

20      **A.   Motion to Dismiss**.

21      Before imposing dismissal as a sanction under Rule 41(b) the
22  court must weigh (1) the public's interest in expeditious
23  resolution of litigation; (2) the court's need to manage its
24  docket; (3) the risk of prejudice to the defendants; (4)the
25  public policy favoring disposition of cases on their merits; (5)
26  and the availability of less drastic sanctions.  Thompson v.

1  <u>Housing Auth. of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir.), <u>cert.</u>

2  <u>denied</u>, 479 U.S. 829 (1986).  Dismissal as a sanction should be

3  imposed only in extreme circumstances.  <u>Id</u>.  Resolution of a Rule

4  41(b) motion to dismiss usually depends on the third and fifth

5  factors, as the first two usually favor dismissal for violation

6  of a court order, while the fourth factor usually weighs against

7  dismissal, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112,

8  1115 (9th Cir.2004).  The Ninth Circuit holds that it "may affirm

9  a dismissal where at least four factors support dismissal ... or

10 where at least three factors 'strongly' support dismissal."

11 <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998).

12     Dismissal of this entire action because of Plaintiff's

13 failure to file a Third Amended Complaint in accordance with the

14 August 21, 2006 Order is unwarranted under these factors.

15 Defendants have filed an Answer to the Second Amended Complaint

16 to the extent that it alleges a claim for relief under 42 U.S.C.

17 § 1983.  The only basis for further amendment was to allege

18 compliance with the claim requirements of the California

19 Government Tort Claims Act to the extent that the Second Amended

20 Complaint could be construed as alleging claims for relief under

21 state law.  As evidenced by Defendants' motion to compel,

22 Defendants have proceeded to propound discovery notwithstanding

23 the August 21, 2006 Order and, therefore, cannot credibly claim

24 that their ability to proceed with this litigation is hindered or

25 prejudiced by the failure to file the Third Amended Complaint.

26 Therefore, the factors set forth above do not weigh in favor of

1  dismissal of this entire action.

2      However, to the extent that the Second Amended Complaint

3  purports to allege state law claims against Defendants, dismissal

4  under Rule 41(b) is appropriate.

5      California Government Code § 945.4 provides in pertinent

6  part:

> [N]o suit for money or damages may be brought
> against a public entity on a cause of action
> for which a claim is required to be presented
> in accordance with Chapter 1 (commencing with
> Section 900) and Chapter 2 (commencing with
> Section 910) of Part 3 of this division until
> a written claim therefor has been presented
> to the public entity and has been acted upon
> by the board, or has been deemed to have been
> rejected by the board, in accordance with
> Chapters 1 and 2 of Part 3 of this division.

13 Section 950.2 provides in pertinent part:

> [A] cause of action against a public employee
> or former public employee for injury
> resulting from an act or omission in the
> scope of his employment as a public employee
> is barred under Part I (commencing with
> Section 900) of this division or under
> Chapter 2 (commencing with Section 945) of
> Part 4 of this division.  This section is
> applicable even though the public entity is
> immune from liability for the injury.

California Government Code § 910 sets forth the contents of a
claim.  The failure to allege and prove compliance with state
imposed procedural conditions to sue bars the maintenance of a
cause of action based upon those pendant State claims.  <u>City of</u>
<u>San Jose v. Superior Court</u>, 12 Cal.3d 447, 455 (1974); <u>Ortega v.</u>
<u>O'Connor</u>, 764 F.2d 703, 707 (9th Cir. 1985), <u>rev'd in part on</u>
<u>other grounds</u>, 480 U.S. 709 (1987); <u>Jacobsen v. Marin General</u>

4

1  <u>Hospital</u>, 963 F.Supp. 866, 870-871 (N.D.Cal. 1997).

2      Plaintiff has been given ample notice and opportunity to

3  amend to allege compliance with the claim requirements.  His

4  failure to timely comply with the August 21, 2006 Order, coupled

5  with the absence of any opposition to this motion, compels the

6  conclusion that Plaintiff cannot make the required allegations.

7  Here, the factors set forth above weigh in favor of dismissing

8  any such state law claims as a sanction for the failure to comply

9  with the court order.

10      Accordingly, Defendants' motion to dismiss is GRANTED to the

11 extent the Second Amended Complaint alleges claims for relief

12 based on state law.

13      **B.   <u>Motion to Compel</u>.**

14      On September 13, 2006, Defendants served on Plaintiff

15 "Special Interrogatories, Set One", "Request for Admissions, Set

16 One", and "Request for Production of Documents, Set One".

17 Pursuant to Rules 33(b)(3), 34(b) and 36(b), Federal Rules of

18 Civil Procedure, Plaintiff's responses to these discovery

19 requests were due within 30 days after service.  When no

20 responses were filed, Defendants' counsel sent a letter to

21 Plaintiff dated October 30, 2006 advising Plaintiff that a motion

22 to compel the responses and seeking appropriate sanctions would

23 be filed if the responses to the requested discovery was not

24 received by November 6, 2006.  No responses to discovery have

25 been made.

26      Defendants move the court for an order compelling Plaintiff

5

1  to respond to the "Special Interrogatories, Set One" and the

2  "Request for Production of Documents, Set One", without

3  objections, within 10 days of "the notice of the order on this

4  motion".

5      Rule 37(a)(2)(B), Federal Rules of Civil Procedure, empowers

6  a propounding party to bring a motion to compel discovery

7  responses.  "It is well established that a failure to object to

8  discovery requests within the time required constitutes a waiver

9  of any objection." *Richmark Corp. v. Timber Falling Consultants*,

10  959 F.2d 1468, 1473 (9th Cir.1992)  The failure to respond to

11  interrogatories or document requests "may not be excused on the

12  ground that the discovery sought is objectionable unless the

13  party failing to act has a pending motion for protective order."

14  Rule 37(d), Federal Rules of Civil Procedure.

15      Consequently, Defendants' motion to compel responses without

16  objection within 10 days of the Order is GRANTED.

17      Defendants also move to deem the "Request for Admissions,

18  Set One" admitted.

19      Rule 36(a) provides that the "matter is deemed admitted

20  unless, within 30 days after service of the request ... the party

21  to whom the request is directed serves upon the party requesting

22  the admission a written answer or objection addressed to the

23  matter, signed by the party ...."  "Failure to respond to

24  requests for admission results in automatic admission of the

25  matters requested ... No motion to establish the admissions is

26  needed because Federal Rule of Civil Procedure 36(a) is self-

6

1  executing." *Federal Trade Commission v. Medicor LLC,* 217

2  F.Supp.2d 1048, 1053 (C.D.Cal.2002).

3      Because Plaintiff failed to respond to the "Request for

4  Admissions, Set One," the matters are deemed admitted as a matter

5  of law.  Therefore, although Defendants' motion is superfluous,

6  the motion is GRANTED.

7      Finally, Defendants move for imposition of a monetary

8  sanction against Plaintiff in the amount of $600.  In support of

9  this request is filed the Declaration of William J. Terrence,

10  counsel for Defendants:

11          9.  I have spent a total of one and a half
            hours preparing this motion and I anticipate
12          spending an additional one and a half hours
            traveling to and from this hearing and
13          attending this hearing.  My hourly rate for
            this client is $200 per hour.  Thus, the
14          total attorneys' fees incurred and
            anticipated to be incurred as a result of
15          plaintiff's failure to respond to discovery
            requests is $600.
16

17      If a motion to compel discovery responses is granted, "the

18  court shall, after affording an opportunity to be heard, require

19  the party ... whose conduct necessitated the motion ... to pay to

20  the moving party the reasonable expenses incurred in making the

21  motion, including attorney's fees, unless the court finds that

22  the motion was filed without the movant's first making a good

23  faith effort to obtain the ... discovery without court action ...

24  or that other circumstances make an award of expenses unjust."

25  Rule 37(a)(4)(A), Federal Rules of Civil Procedure.

26      Plaintiff's responses to Defendants' discovery requests were

7

due on October 13, 2006.  Defendants' counsel sent a letter to
Plaintiff on October 30, 2006 requesting that Plaintiff serve his
responses to the discovery requests by November 6, 2006 and
advising Plaintiff that a motion to compel the responses and for
sanctions would be filed if Plaintiff did not comply.  Although
Plaintiff is proceeding in this action *in forma pauperis*,
Plaintiff makes no showing that he is currently unable to pay the
request monetary sanction.

Under the lodestar factors, *see Hensley v. Eckerhart*, 461
U.S. 424 (1983), the amount of attorneys' fees sought is
reasonable as is the hourly rate.

<u>CONCLUSION</u>

For the reasons set forth above:

1.  Defendants' motion to dismiss the action for lack of
prosecution is DENIED;

2.  Defendants' motion to dismiss any state law claims
alleged in the Second Amended Complaint is GRANTED;

3.  Defendants' motion to compel is GRANTED.  Plaintiff
shall respond to the "Special Interrogatories, Set One" and the
"Request for Production of Documents, Set One", without
objections, within 10 days of the filing date of this Order.
Failure to timely comply will result in dismissal of this action.

4.  Defendants' motion to deem admitted the "Request for
Admissions, Set One" is GRANTED.

5.  Defendants' motion for an award of attorneys' fees in
the amount of $600.00 is GRANTED.  Plaintiff shall pay this award

1  to counsel for defendants within 10 days of the filing date of

2  this Order.  Failure to timely comply will result in the

3  dismissal of this action.

4          IT IS SO ORDERED.

5  **Dated:    December 13, 2006**          **/s/ Oliver W. Wanger**
   668554                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26